IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, INC., | CASE NO: |
| Plaintiff, | |
| vs. | |
| BRENNAN PROPERTY GROUP, LLC, THEODORE BRENNAN, JANICE HOLLISTER, MICHAEL KUSHLA, MARY KUSHLA, individually and d/b/a ROYAL REMODELING 13, | NICHOLAS J. INDOVINA, ESQUIRE PA I.D. NO. 317036 |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

AND NOW, comes the plaintiff, the STATE NATIONAL INSURANCE COMPANY, INC., by and through its counsel, Meyer, Darragh, Buckler, Bebenek & Eck, PLLC, and presents the following claim for declaratory judgment averring in support thereof:

### Parties

1. State National Insurance Company, Inc. ("State National") is incorporated in the state of Texas, and has a principle place of business located at 1900 L. Don Dodson Drive, Bedford, Tarrant County, Texas 76021 and is licensed to conduct business in the Commonwealth of Pennsylvania.

2. Theodore Brennan is an individual and a citizen of the Commonwealth of Pennsylvania residing at 1204 Apple Drive, Mechanicsburg, Cumberland County, Pennsylvania 17055.

1

{P1638256.1}

3. Brennan Property Group, LLC is a limited liability company owned by Theodore Brennan formed under the laws of the Commonwealth of Pennsylvania, and is owned and operated by Theodore Brennan who is a citizen of the Commonwealth of Pennsylvania and has a principle place of business located at 1204 Apple Drive, Mechanicsburg, PA 17055.

4. Janice Hollister is an individual and citizen of the Commonwealth of Pennsylvania residing at 3605 Edencroft Road, Hidden Valley, Montgomery County, Pennsylvania 19006.

5. Michael S. Kushla is an individual and citizen of the Commonwealth of Pennsylvania residing at 265 Pine Woods, Wellsville, York County, PA 17365.

6. Mary Kushla is an individual and citizen of the Commonwealth of Pennsylvania residing at 265 Pine Woods, Wellsville, York County, PA 17365.

7. Royal Remodeling 13 is owned by Mary Kushla and Michael Kushla, with a principle place of business located at 1932 Stoverstown Road, Spring Grove, York County, PA 17362.

8. This complaint for declaratory judgment is brought pursuant to 28 U.S.C.A. § 2201, Creation of Remedy.

### Jurisdiction - Venue

9. The United States District Court for the Middle District of Pennsylvania has federal court jurisdiction of this matter pursuant to 28 U.S.C.A. § 1332.

10. There is complete diversity between the plaintiff and the defendants.

11. The amount in controversy exceeds $75,000.

12. All of the events set forth and described herein occurred in Cumberland County which is a county within the Middle District of Pennsylvania.

13. Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C.A. § 1391(b)(2).

14. This action is brought for the purpose of a declaration of the rights, obligations and other legal relations of the parties pursuant to a contract of insurance issued by State National Insurance Company, Inc. to Theodore Brennan and Brennan Property Group, LLC. 28 U.S.C.A. § 2201.

## Facts

15. Theodore Brennan and Brennan Property Group, LLC is a general contractor conducting business in the Commonwealth of Pennsylvania.

16. Janice Hollister at all times relevant to the declaratory judgment action was the owner of a property consisting of a residence located at 236 Brick Church Road, Newville, Pennsylvania 17241.

17. Janice Hollister entered into an agreement with Theodore Brennan/Brennan Property Group to provide services to "demo and remove all debris, walls, ceilings and insulation from inside the property" which was owned by Janice Hollister located at 236 Brick Church Road, Newville, Pennsylvania.

18. Theodore Brennan and Brennan Property Group, LLC entered into an agreement with Michael Kushla and Mary Kushla and Royal Remodeling 13 to perform the work which was the subject matter of the agreement between Brennan and Hollister.

19. Hollister has filed a complaint captioned "Janice Hollister v. Brennan Property Group, LLC" in the Court of Common Pleas, Cumberland County,

3

{P1638256.1}

Pennsylvania at docket No. 2020-03437-CV wherein Hollister alleges that Brennan Property Group did not properly perform the services which were the subject of the agreement. A copy of the complaint is attached hereto and marked Exhibit "A."

20. At all times relevant to the Hollister complaint, Theodore Brennan and Brennan Property Group, LLC and the State National Insurance Company, Inc. were parties to an insurance agreement providing certain types of coverage to Theodore Brennan and Brennan Property Group, LLC in the event of a claim which would be covered under the policy, bearing policy number NXT7KZHWF5-00-GL. A copy of the subject policy is attached hereto and marked Exhibit "B."

## Hollister Complaint

21. The Hollister complaint alleges that on or about April 29, 2019, the plaintiff, Hollister, and defendant, Brennan Property Group, LLC, entered into an agreement for the defendants to remove debris from four rooms and one bedroom inside the Brick Church Road property which had been damaged by water. A copy of the agreement between the parties is attached to the complaint.

22. Hollister contends that Brennan Property Group, through a subcontractor, Royal Remodeling 13, removed personal property which was not contemplated by the agreement.

23. Hollister alleges that Royal Remodeling at the direction of Brennan Property Group removed and destroyed the entire contents of Hollister's house resulting in damages.

4

{P1638256.1}

24.     The estimated value of the contents removed and destroyed is alleged to be $30,000 and Hollister is seeking treble damages plus attorneys' fees under the Unfair Trade Practices and Consumer Protection law, 73 P.S. § 201-1 *et seq.*

25.     The Hollister complaint sets forth two separate counts of liability, Count I being breach of contract and Count II for conversion.

## Insurance Policy

26.     The insurance policy issued by State National is referred to as a Commercial General Liability policy which provides indemnity for claims which are covered under the policy.

27.     **SECTION 1-COVERAGES** contains **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and states as follows:

> 1.  **Insuring Agreement**
>     a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …
>     b. This insurance applies to "bodily injury" and "property damage" only if:
>        (1) The "bodily injury" or "property damage" is caused by an "occurrence' that takes place in the "coverage territory"; …

28.     In **SECTION V – DEFINITIONS** the following terms are defined:

> 8.     **"Impaired property"** means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
>        a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>        b. You have failed to fulfill the terms of a contract or agreement;

5

{P1638256.1}

> if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.
>
> . . .
>
> **13.** **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> . . .
>
> **17.** **"Property damage"** means:
>
> 1. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> 2. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For the purposes of this insurance, electronic data is not tangible property. As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

29. The subject policy also contains an endorsement, **NXT-0307BM GL 0418** entitled **CONTRACTOR/SUBCONTRACTOR INSURANCE REQUIREMENTS** which states as follows:

> **A.** Coverage under this Coverage Part does not apply to an "occurrence" in which a sub-contractor is involved unless such sub-contractor:
> 1. Is operating pursuant to a written agreement between you and the contractor or sub-contractor; and
> 2. Has commercial general liability insurance on which you are named as an additional insured with limits equal to or exceeding the limits provide by this policy.
>
> **B.** With respect to an "occurrence" in which a sub-contractor is involved and such sub-contractor:

> 1. Is operating pursuant to a written agreement between you and the contractor or sub-contractor; and
> 2. Has commercial general liability insurance on which you are named as an additional insured with limits equal to or exceeding the limits provided by this policy, any insurance provided by this Coverage Part shall be excess over any insurance provided to you through or by the sub-contractor.

30. There was no written contract between Brennan Property Group and Michael Kushla and Mary Kushla and/or Royal Remodeling 13.

31. Brennan Property Group was not named and is not named as an additional insured under any policy of insurance obtained by Michael Kushla, Mary Kushla and/or Royal Remodeling 13.

32. Included in the policy is an endorsement entitled CONTRACTORS ERRORS AND OMMISSIONS COVERAGE which states as follows:

> **A.** The following is added to **SECTION I**:
>
> **CONTRACTORS ERRORS AND OMISSIONS COVERAGE**
>
> **1. Insuring Agreement**
>
> We will pay those sums that the insured becomes legally obligated to pay as "loss" because of:
>
> **a. "Property damage" to "your work";**
>
> **b. "Property damage" to "your product"; or,**
>
> **c. "Impaired property" arising out of a defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work";**
>
> to which this insurance applies. The "loss must be caused by your "wrongful act" in rendering or failing to render Contractor Services shown in the **SCHEDULE** above to others for a fee. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" or any "loss" to which this insurance does

7

{P1638256.1}

not apply. We may, at our discretion, investigate any "loss" and settle any claim or "suit" that may result.

\* \* \*

33. Under the CONTRACTORS ERRORS AND OMISSION COVERAGE, there are specific exclusions which include:

\* \* \*

**4. Exclusions**

\* \* \*

**x. Subcontracted Work**

Any liability, including liability for "property damage" to "your work", "your product" or "impaired property", arising out of work that was performed on your behalf by a subcontractor or any person or organization other than an insured.

\* \* \*

G. With respect to Contractors Errors and Omissions Coverage, the following definitions replace their counterparts in SECTION V – DEFINITIONS:
1. "Coverage territory" means anywhere in the world, provided the "claim" or "suit" is brought against an insured

   Within the United States of America, its territories or possessions or Canada.

2. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is

   Less useful because it incorporates "your product" or "your work" that is found to be defective, deficient, inadequate or dangerous but only if such "impaired property" can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work".

> "Impaired property" does not include property that is impaired due to:
>
> a. You or anyone acting on your behalf knowingly failing to fulfill the terms of a contract or agreement; or
> b. The result of sudden and accidental physical injury to "your product" or "your work".

\* \* \*

> H. With respect to Contractors Errors and Omissions Coverage, the following definitions are added to SECTION V – DEFINITIONS.
>
> 2. "Claim" means a written demand or "suit" which seeks monetary damages for:
>
> a. "Property damage" to "your product";
>
> b. "Property damage" to "your work"; or
>
> c. "Property damage" to "impaired property" arising out of a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work".
>
> 9. "Wrongful Act" means any actual or alleged negligent act, error or omission resulting in "property damage", arising out of the performance of Contractor Services shown in the SCHEDULE above.

\* \* \*

34. Theodore Brennan and Brennan Property Group, LLC hired Michael Kushla and Mary Kushla individually and d/b/a Royal Remodeling 13 as subcontractors to remove debris from the Hollister premises. There was no written contract between Michael Kushla and Mary Kushla individually and d/b/a Royal Remodeling 13 and Theodore Brennan and Brennan Property Group, LLC. Theodore Brennan and Brennan Property Group, LLC were not and are not named as additional insureds under any commercial general liability insurance providing coverage to Michael Kushla and Mary Kushla individually and d/b/a Royal Remodeling 13.

{P1638256.1}

35.     Based on the allegations set forth in the Hollister complaint, the facts of this case, and the language, terms and conditions of the State National Insurance Policy, there is no coverage available to Theodore Brennan and Brennan Property Group, LLC for the claims set forth in the Hollister complaint.

36.     It is respectfully requested that this Honorable Court declare that there is no obligation of State National to defend or indemnify Theodore Brennan and Brennan Property Group, LLC for the claims set forth and described in the Hollister complaint.

WHEREFORE, it is respectfully requested that this Honorable Court enter an order declaring that State National Insurance Company, Inc. has no duty to defend or indemnify Theodore Brennan and Brennan Property Group, LLC for the claims set forth and described more fully in the complaint filed on behalf of Janice Hollister.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, PLLC

By:_____
NICHOLAS J. INDOVINA, ESQUIRE
PA I.D. No. 317036
Attorney for State National Insurance Company, Inc.

U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA  15219
Telephone:  412-261-6600
Fax:  412-471-2754
Email:  eanderson@mdbbe.com

{P1638256.1}